IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamieka Renee Holmes, | ) Civil Action No. 1:13-cv-3430-BHH |
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER |
| Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

This matter is before the court on the plaintiff's motion for attorney's fees (ECF No. 29) for the successful representation of the plaintiff Jamieka Renee Holmes ("the plaintiff") by Attorney Beatrice E. Whitten in the underlying Social Security benefits action. The Court may make such an award pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d).

In her Motion for EAJA Fees, the plaintiff requests an award of $4,132.89 in attorney's fees because she was the "prevailing party" and she claims that the position taken by the defendant was not "substantially justified." (ECF No. 36.) A joint stipulation for payment of attorney's fees was filed by the parties on January 16, 2015 (ECF No. 37), which provides for attorneys fees in the amount of $3,878.55.

The EAJA provides attorney's fees in actions where the government's position is not substantially justified. The substantial justification test is one of reasonableness in law and fact. *See Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed2d 490 (1988). The district court has broad discretion to set the attorney fee amount. "[A] district court will always retain substantial discretion in fixing the amount of

an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize." *Hyatt v. North Carolina Dep't of Human Res*, 315 F.3d 239, 254 (4th Cir. 2002) (*citing Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Moreover, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

Accordingly, the court grants the stipulated fee, and directs the Commissioner to pay directly to the plaintiff $3,878.55 in attorney's fees. Such payment shall constitute a complete release from and bar to any and all further claims that the plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision. This award is without prejudice to the rights of the plaintiff's counsel to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

IT IS SO ORDERED.

/s/ Bruce Howe Hendricks
United States District Judge

January 27, 2015
Greenville, South Carolina.